IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGHORN HD LLC,<br><br>        Plaintiff,<br><br>v.<br><br>NETSCOUT SYSTEMS, INC.<br><br>        Defendant. | Case No. 2:20-CV-00349<br><br>JURY TRIAL DEMANDED |

**DEFENDANT NETCOUT SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant NetScout Systems, Inc. ("NetScout"), by and through their attorneys, submit this Answer to Plaintiff Longhorn HD LLC's ("LHD") Complaint.

**PARTIES**

1. NetScout lacks knowledge or information sufficient to form a belief as to the truth of LHD's allegations in paragraph 1, and therefore denies same.

2. NetScout admits that it is a Delaware corporation with a place of business at 915 Guardians Way, Allen, TX 75013 and that it does business in the Eastern District of Texas. NetScout denies the remaining allegations of Paragraph 2.

**JURISDICTION**

3. NetScout admits that LHD's Complaint purports to be an action for patent infringement arising under the Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that this Court has subject matter jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a). NetScout denies that Plaintiff's Complaint sets forth a valid or meritorious claim for patent infringement.

4.      For purposes of this case only, NetScout does not contest personal jurisdiction. NetScout denies the remaining allegations in Paragraph 4, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

5.      This paragraph of the Complaint states a legal conclusion and does not require a response from NetScout. To the extent a response is required, NetScout denies that this district is the most convenient forum for resolution of this dispute, and specifically denies that it has committed acts of infringement in this, or any, judicial district. NetScout denies any remaining allegations contained in Paragraph 5 of the Complaint.

6.      For purposes of this case only, NetScout does not contest that this Court has jurisdiction over it.  NetScout denies the remaining allegations in Paragraph 6, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

## PATENTS-IN-SUIT

7.       NetScout admits that the hyperlink in the Complaint connects to a webpage that includes images that appear on their face to be U.S. Patent No. 6,954,790  (the "'790 Patent"), entitled "Network-Based Mobile Workgroup System." NetScout further admits that the face of the '790 Patent states that it was issued on October 11, 2005. NetScout lacks knowledge or information sufficient to form a belief as to the truth of LHD's remaining allegations in Paragraph 7, and therefore denies the same.

8.       NetScout admits that the hyperlink in the Complaint connects to a webpage that includes images that appear on their face to be U.S. Patent No. 7,260,846 (the "'846 Patent"), entitled "Intrusion Detection System." NetScout further admits that the face of the '846 Patent states that it was issued on August 21, 2007. NetScout denies the remaining allegations in Paragraph 8.

9. NetScout lacks knowledge or information sufficient to form a belief as to the truth of LHD's allegations in Paragraph 9, and therefore denies the same.

### III. FACTUAL ALLEGATIONS

10. NetScout lacks knowledge or information sufficient to form a belief as to the truth of LHD's allegations in Paragraph 10.

11. NetScout admits that the '790 Patent is titled "Network-Based Mobile Workgroup System" and identifies Jan Forslöw as the sole inventor and Interactive People Unplugged AB as the assignee on its face. NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies the same.

12. NetScout admits that the '846 Patent is titled "Intrusion Detection System" and identifies Christopher Day as the sole inventor and Steelcloud, Inc. as the assignee on its face. NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies the same.

13. NetScout denies the allegations of paragraph 13 of the Complaint in their entirety.

### COUNT I

14. NetScout reiterates its responses to Paragraphs 1-13.

15. NetScout admits that LHD has not licensed NetScout to make, use, offer for sale, sell, or import any products that embody the '790 Patent. NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. NetScout denies the allegations of paragraph 16 of the Complaint in their entirety.

17. NetScout denies the allegations of paragraph 17 of the Complaint in their entirety.

18. NetScout denies the allegations of paragraph 18 of the Complaint in their entirety.

19. NetScout denies the allegations of paragraph 19 of the Complaint in their entirety.

20. NetScout denies the allegations of paragraph 20 of the Complaint in their entirety.

21. NetScout denies the allegations of paragraph 21 of the Complaint in their entirety.

22. NetScout denies the allegations of paragraph 22 of the Complaint in their entirety.

23. NetScout denies the allegations of paragraph 23 of the Complaint in their entirety.

24. NetScout denies the allegations of paragraph 24 of the Complaint in their entirety.

## COUNT II

25. NetScout reiterates its responses to Paragraphs 1-13.

26. NetScout admits that LHD has not licensed NetScout to make, use, offer for sale, sell, or import any products that embody the '846 Patent. NetScout lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. NetScout denies the allegations of paragraph 27 of the Complaint in their entirety.

28. NetScout denies the allegations of paragraph 28 of the Complaint in their entirety.

29. NetScout denies the allegations of paragraph 29 of the Complaint in their entirety.

30. NetScout denies the allegations of paragraph 30 of the Complaint in their entirety.

31. NetScout denies the allegations of paragraph 31 of the Complaint in their entirety.

32. NetScout denies the allegations of paragraph 32 of the Complaint in their entirety.

33. NetScout denies the allegations of paragraph 33 of the Complaint in their entirety.

34. NetScout denies the allegations of paragraph 34 of the Complaint in their entirety.

35. NetScout denies the allegations of paragraph 35 of the Complaint in their entirety.

36. NetScout denies the allegations of paragraph 36 of the Complaint in their entirety.

## DEMAND FOR JURY TRIAL

No response is required for LHD's demand for a jury trial.

## PRAYER FOR RELIEF

NetScout denies that LHD is entitled to any relief in connection with the allegations in the Complaint, including, without limitation, the allegations of Paragraphs (a) through (e).

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that NetScout bears the burden of proof as to any of the following affirmative defenses, NetScout asserts the following defenses based upon information and belief:

### FIRST DEFENSE
### (Non-Infringement)

NetScout has not infringed, and does not infringe, any valid claim of the '790 Patent or '846 Patent, literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, willfully, or in any other manner. Therefore, NetScout is not liable for any infringement thereof.

### SECOND DEFENSE
### (Invalidity)

One or more claims of each of the '790 Patent and '846 Patent is invalid for failure to meet one or more of the requirements of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE
### (No Willful Infringement)

To the extent LHD is asserting willful infringement, LHD is not entitled to enhanced damages under 35 U.S.C. § 284 because NetScout has not intentionally, willfully, or deliberately infringed on any claim of the '790 Patent or '846 Patent.

### FOURTH DEFENSE

**(Estoppel)**

LHD is estopped, by virtue of the prior art and statements and amendments made during the prosecution of the '790 Patent and/or '846 Patent from asserting infringement of one or more claims of the Patents-in-Suit against NetScout either literally or under the doctrine of equivalents.

**FIFTH DEFENSE**
**(Limitation on Damages)**

LHD's claims for damages for patent infringement are limited at a minimum by 35 U.S.C. § 287 to only those damages occurring after the notice of infringement and, in any event, by 35 U.S.C. § 286.

**SIXTH DEFENSE**
**(No Exceptional Case)**

LHD cannot prove that this is an exceptional case that justifies an award of attorneys' fees against NetScout pursuant to 35 U.S.C. § 285.

**RESERVATION OF ADDITIONAL DEFENSES**

NetScout expressly reserves the right to raise and allege additional defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may exist or in the future may be available based on further investigations and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, NetScout prays for judgment that:

A.   Finds in favor of NetScout and against LHD;

B.   Denies any injunctive relief in favor of NetScout and against LHD;

C.   Finds that the claims of the '790 Patent and '846 Patent are invalid;

D.   Finds that NetScout does not infringe the '790 Patent or the '846 Patent;

E. Declares that this case is exceptional under 35 U.S.C. § 285;

F. Awards NetScout its costs and attorneys' fees incurred in this action; and

G. Grants such other and further relief as the Court may deem just and proper.

Dated:  January 19, 2021              Respectfully submitted,

By: */s/ Mark C. Lang*
Eric A. Buresh (admitted *pro hac vice*)
Michelle L. Marriott
Mark C. Lang (admitted *pro hac vice*)
ERISE IP, P.A.
7015 College Blvd., Ste. 700
Overland Park, KS 66211
Tel: (913) 777-5600
Fax: (913) 777-5601
Eric.Buresh@eriseip.com
Michelle.Marriott@eriseip.com
Mark.Lang@eriseip.com

***Attorneys for Defendant
NetScout Systems, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, I served a true and accurate copy of the foregoing by electronic mail to all counsel of record.

*/s/ Mark C. Lang*
Mark C. Lang

9