IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGHORN HD LLC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NETSCOUT SYSTEMS, INC.,<br><br>　　　　　　Defendant. | §<br>§<br>§　Case No. 2:20-cv-00349-JRG<br>§<br>§　**JURY TRIAL DEMANDED**<br>§<br>§<br>§<br>§<br>§<br>§ |

**JOINT SUPPLEMENTAL SECTIONS TO THE PROPOSED JOINT PRE-TRIAL ORDER FOR THE *LONGHORN HD LLC. v. NETSCOUT SYSTEMS, INC.* TRIAL**

Plaintiff Longhorn HD LLC. ("Plaintiff" or "LHD") and Defendant NetScout Systems, Inc. ("Defendant" or "NetScout") (collectively, the "Parties") respectfully submit Joint Supplemental Sections to the Joint Pre-Trial Order.

**E.  STIPULATIONS AND UNCONTESTED FACTS**

　　**3.　Proposed Stipulations**

　　　　**a.　The Parties' Proposed Stipulations Pertaining to Trial Management Procedures**

The parties are cooperating to decrease the number of exhibits on their respective exhibit lists and will exchange amended exhibit lists and objections on dates to be agreed upon by the parties.  The parties agree to continue to meet and confer to resolve their objections to the other party's deposition designations, witnesses, and exhibits.  The parties agree to endeavor to enter into stipulations as to the authenticity and use of produced documents following the exchange of exhibit lists and objections.

　　　　a.　<u>Witnesses</u>:

i. The parties will identify witnesses to be called live in the order of call, and any deposition witnesses by 7:00 p.m. central time two nights before the intended testimony. For example, if a witness will be called Monday, live or by designation, that witness will be disclosed by 7:00 p.m. Saturday. Any objection to the witness must be made by 8:30 p.m. two nights before the intended testimony. This identification shall also include the order of any witnesses to be presented by video deposition. The parties shall make their best efforts to follow the specified order of witness presentation; however, the parties recognize that the order of presentation may change based on timing or other circumstances. If counsel intends to change the order of witnesses, it shall notify the other side immediately.

i. <u>Deposition designations</u>:  The party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side.

ii. To the extent possible, all colloquy between counsel and objections will be eliminated when deposition testimony is presented at trial.

iii. For each deposition, the specific portions of the deposition designated or counter-designated by either party shall be read or played together in the same order as the real time deposition testimony. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections.

b. <u>Exhibits</u>: The parties will exchange lists of exhibits they intend to use with live and by-designation witnesses during direct examination by 7:00 p.m. central time the night before their intended use. The disclosure will identify which witness each disclosed exhibit will be used with. The parties will exchange objections to exhibits (to the extent objections are not resolved at the pretrial conference) by 8:30 p.m. on the same day, the night before their intended use.

c. <u>Demonstratives</u>: The parties will exchange electronic copies of all demonstratives they plan to use at trial for opening statements and direct examination—but not for cross-examination—by 7:00 p.m. the night before their intended use. The parties will exchange objections to demonstratives by 8:30 p.m. on the same day, one night before their intended use. This paragraph does not apply to demonstratives that are created in the courtroom (*e.g.*, drawings on whiteboards, lists written on easels, etc.). A party who has a demonstrative created in the courtroom must provide the other party with a photograph of the demonstrative by 7:00 p.m. the same day. Demonstratives exchanged will not be used by an opposing party before being used by the disclosing party. The parties agree that notice of a party's intended use of blowups (enlargements) of exhibits and of highlighting or "real-time" marking up of such exhibits need not be given and need not be exchanged, so long as the underlying exhibit is pre-admitted or the party has identified its intention to use the exhibit according to the preceding paragraph and any objections thereto have been resolved.

d.     The parties agree to exchange lists of Exhibits used during the course of the trial day by 8:30 p.m. the night of each trial day, and before the lists are to be submitted to the Court.

e.     <u>Meet and Confer over Objections</u>:  The parties will meet and confer to resolve objections at 9:00 p.m. after the trial disclosures contained in the immediately preceding subsections (a)-(e) have been exchanged that evening.  Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:00 PM Central Time for resolution the next morning outside the presence of the jury.  If there are no objections, the parties shall so inform the Court.

f.     The parties agree that they need not identify trial exhibits or provide a copy of demonstratives to be used during cross-examination.

g.     The parties request pursuant to Rule 615 of the Federal Rules of Evidence that the Court prevent fact witnesses from hearing the testimony of other witnesses; however, this exclusionary rule will not apply to the officer or employee designated by each party as its representative. The parties further request that expert witnesses not be excluded for either fact or expert testimony.

h.     <u>Materials Designated Confidential.</u> The parties anticipate that certain highly confidential and competitively sensitive information, including source code and financial data (including revenue data), and license information will be presented at trial. Any party may, at the appropriate time, request for the courtroom to be sealed. Each party retains the right to oppose the other party's request to seal the courtroom.

  i. <u>Use of Opposing Party Exhibits</u>.  Each party reserves the right to use exhibits from the other party's trial exhibit list, even if not separately listed on its own list.

**F.** **CONTESTED TRIAL MANAGEMENT PROCEDURES**

 **1.** <u>Witnesses</u>:

  a. [NetScout proposes: The Parties shall notify the other side in good faith of their intention to move a witness from the "may call" list to the "will call" list no later than 14 calendar days before calling that witness.  The Parties also reserve the right to move any witness from the "may call" list to the "will call" list to testify in rebuttal to testimony presented by the other side so long as the Party seeking to call the witness notifies the other Party no later than 2 days before.]

 **2.** <u>Deposition designations</u>:

  a. [LHD proposes: For deposition testimony, the 7:00 pm witness disclosure two nights before the intended testimony also includes the deposition testimony that is designated.  The parties will exchange counter-designations (and objections to the deposition testimony to the extent objections are not resolved at the pre-trial conference) by 8:30 p.m. the same day, two nights before the intended testimony.  The party that seeks to play the deposition testimony will provide the opposing party with a copy of the actual video file to be played by 7:00 p.m. the night before its intended use in court.  The video file must include all designated testimony in chronological order, minus attorney objections, regardless of which party designated the testimony.  Any objection to the video file must be made by 8:30 p.m. the night before its intended use in court.]

  b. [NetScout proposes: For each witness that a party intends to call by deposition, the party shall, by 7:00 p.m. central time three calendar days prior to the date the

5

party intends to call such witness, provide the other side with a list of final designations that will be played. The receiving party shall provide a final list of counter-designations by 7:00 p.m. central time two days before their intended use. The parties shall exchange objections to deposition designations at 8:30 pm two nights before their intended use and meet and confer at 9:00 pm the same night regarding the same. Any unresolved objections must be emailed to the Court's law clerks, along with a copy of the relevant portions of the deposition transcript, by 10:00 p.m. two nights before the deposition will be played, to permit the Parties to address any such objections with the Court the next morning.]

c. [NetScout proposes: The parties are not required to exchange deposition designations for witnesses that are on any party's "will call" witness list and are expected to be called live. If a party determines that it will call a witness that it has listed on its "will call" list by deposition rather than live, it will inform all parties and provide designated portions of the deposition no later than 7 days before trial, and the other party will provide objections and counter-designations within 2 days of receiving those designated portions. The offering party will then provide objections to counter-designations and counter-counter-designations within 2 days of receiving the other party's objections and counter-designations. Should a "will call" witness become unavailable after the aforementioned deadline, the parties will work expeditiously to provide deposition designations and objections.]

d. [NetScout proposes: Witnesses presented by video will be divided by the actual time for designations and counter-designations by each party. For witnesses presented by read-deposition testimony, the allocation of trial time will be

6

      determined by the ratio of deposition testimony lines designated by each party to the total number of lines read by that witness.]

e. [NetScout proposes: Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.]

f. [NetScout proposes: If an exhibit was actually used during a deposition, and if a party seeks to present the deposition testimony about that same exhibit during the examination of any witness appearing by deposition designation, the parties will meet and confer to discuss the use of said exhibit.]

g. [NetScout proposes: Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live, unless the Court orders otherwise.]

h. [NetScout proposes: If a party withdraws testimony previously designated, the other party may designate the withdrawn testimony, subject to the initially designating party's objections.]

i. [NetScout proposes: Use of Opposing Party Deposition Designations. Each party reserves the right to use deposition designations from the other party's designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any

initial or counter-counter designations as counter designations. The parties agree to edit out attorney objections and colloquy from the deposition clips. The parties also agree that each deposition will be played in order of the witness's testimony at the deposition, rather than, *e.g.*, playing all initial designations followed by all counter-designations.]

3. Exhibits:

    a. [NetScout proposes: The parties agree that any exhibit pre-admitted at the time of opening statements may be shown to the jury during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.]

    b. [NetScout proposes: Deposition testimony displayed or played by video during an opening statement is treated as a demonstrative and the procedure for disclosing and objecting to demonstratives in this paragraph apply.]

    c. [NetScout proposes: For videos or animations, the Party seeking to use the demonstrative shall provide it to the other side in digital interactive format, including, as applicable, Flash format, PPT format, MPG, or other video format.

        i. Counsel shall provide an electronic copy of any demonstratives to be used during closing argument two hours prior to closing arguments. The parties need not disclose any demonstratives that have already been used during trial or exhibits that have been introduced into evidence by any party. Objections will be raised within 1 hour of the exchange, the parties will meet and confer within 30 minutes thereafter, and immediately notify the Court of any unresolved objections prior to the beginning of closing

8

arguments. Deposition testimony displayed or played by video during a closing statement is treated as a demonstrative and the procedure for disclosing and objecting to demonstratives in this paragraph apply.

    ii. <u>Non-Documentary and/or Live Demonstratives.</u> The parties will make available for inspection all non-documentary demonstratives or live demonstratives, such as physical exhibits, physical prior art or physical products, that they plan to use during direct examination or during opening or closing statements—but not for cross-examination or a party's examination of its own witness that the opposing party has called adversely—by 7:00 p.m. central time the night before their intended use. The parties will exchange color representations of such non-documentary and/or live demonstratives. The parties shall exchange objections to these non-documentary demonstratives or live demonstratives by 8:30 p.m. central time on the night before their intended use. Demonstratives previously displayed in the course of the trial need not be disclosed again.]

4. [NetScout proposes: <u>Witness Binders.</u> The parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at the same time at least one copy to the opposing side, the Court, and court reporter a tabbed binder containing all exhibits, and deposition testimony that the party plans in good faith to use during its examination of that witness. Similarly, upon beginning its cross-examination of a witness, the party conducting the cross-examination shall provide at least the witness,

opposing counsel, Court, and court reporter with a tabbed binder containing all exhibits and deposition testimony that the side plans in good faith to use during its cross-examination of that witness. The binders may be supplemented during the examination or cross-examination, for example, with materials necessary to impeach a witness's unexpected testimony.]

5. [NetScout proposes: Notice of Intent to Rest. A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 p.m. central time or prior to leaving court, whichever is later, the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the Party expects to use before resting.]

**10. EXPECTED LENGTH OF TRIAL**

The parties respectfully propose a trial length not to exceed five (5) days collectively. The parties respectfully propose that the Court allot each party a 30-minute voir dire, a 30-minute opening statement, a 45-minute closing argument, and [LHD proposes: fourteen (14) hours of witness examination] [NetScout proposes: twelve (12) hours for direct, cross, and rebuttal examination.]

**11. MANAGEMENT CONFERENCE LIMITATIONS**

None.

**12. CERTIFICATIONS**

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1.   Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2. The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.  The parties have stipulated and moved this Court on various issues altering discovery limitations, which have all been approved by this Court;

3. Each exhibit in the List of Exhibits herein:

    a. is in existence;

    b. is numbered; and

    c. will be disclosed and produced to opposing counsel [LHD proposes: in advance of trial] [NetScout proposes: no later than March 11, 2022].

Dated:  February 28, 2022

Respectfully submitted

/s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
**RUBINO LAW LLC**
830 Morris Turnpike
Short Hills, NJ, 07078
Telephone: (973) 535-0920
Facsimile (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF LONGHORN HD LLC.***


*/s/ Mark C. Lang (with permission)*
Andrew T. Gorham, Jr.
State Bar No. 24012715
Email: tom@gillamsmithlaw.com
Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 North College, Suite 800
Tyler, TX  75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Mark C. Lang, Esq.
KS Bar No. 26185
Email: mark.lang@eriseip.com
Hunter A. Horton
KS Bar No. 27673
Email: hunter.horton@eriseip.com
Eric A. Buresch
KS Bar No. 19895
Email: eric.buresh@eriseip.com
Michelle L. Marriott
KS Bar No. 21784
Email: michelle.mariott@eriseip.com
**ERISE IP, PA**
7015 College Boulevard, Suite 700
Overland, KS  66211
Telephone: (913) 777-5600
Facsimile: (913) 777-5601

***ATTORNEYS FOR DEFENDANT***

***NETSCOUT SYSTEMS, INC.***

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that all counsel of record have met and conferred in accordance with Local Rule CV-7(h) and this joint motion is unopposed.

*/s/ Vincent J. Rubino, III*
Vincent J. Rubino, III

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 28, 2022, a true and correct copy of the above and foregoing document has been served on counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>*/s/ Vincent J. Rubino, III*
>Vincent J. Rubino, III