IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LONGHORN HD LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-CV-00349-JRG-RSP |
| | § | |
| NETSCOUT SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court is the Motion to Strike the Expert Report of Dr. Kevin Jeffay Regarding the Reliance on Undisclosed Source Code filed by Plaintiff Longhorn HD LLC. Dkt. No. 77. Having considered the briefing, the Court **DENIES** the motion.

Longhorn filed the present suit on November 5, 2020 alleging infringement of U.S. Patent No. 7,260,846 (the "'846 Patent"). Dkt. No. 1. Longhorn alleges the following products infringe: Arbor Edge Defense, Arbor Threat Mitigation System, Arbor Cloud, Sightline (the "Arbor Products") and NetScout Cyber Investigator (collectively, the "Accused Products). Dkt. No. 78 at 3-4.[1]

On June 4, 2021, NetScout informed Longhorn that source code for all of the Accused Products was available for inspection. *Id.* at 4. After reviewing the source code, Longhorn sent correspondence on July 24 to NetScout stating "NetScout has produced no source [code] relating to most Longhorn's Accused Products." Dkt. No. 78-2 at 6. NetScout disputed Longhorn's claim and informed Longhorn where it could find the source code—on the source code computer that was made available back in June. Dkt. No. 78 at 4 (citing Dkt. No. 78-3 at 2).

---

[1] For consistency in citations, the Court cites to the ECF generated page numbers throughout this Order.

1

On August 18, 2021, Longhorn served its First Amended infringement Contentions, which contained no reference to source code related to the Arbor Products. Dkt. No. 78 at 4. After a meet and confer, the parties agreed that Longhorn could conduct additional source code review and then, on October 22, 2021, the parties further agreed that Longhorn could amend its infringement contentions to include citations to Arbor Products and that NetScout could then amend its invalidity contentions. *Id.* (Dkt. No. 78-4 at 2). On October 25, 2021, Longhorn served is Second Amended Infringement Contentions. Dkt. No. 78 at 4.

On November 11, 2021, NetScout sent an email informing Longhorn that source code for Arbor Peakflow DoS v.2.1 ("Peakflow Source Code") was available for inspection and mailed printouts of the Peakflow Source Code to counsel for Longhorn pursuant to the protective order. *Id.* at 5 (Dkt. No. 78-6 (email informing Longhorn source code was available); Dkt. No. 78-7 (shipping information for printouts)). NetScout also provided the Peakflow Source Code to its technical expert, Dr. Kevin Jeffay, on this day—November 11, 2021. Dkt. No. 78-1 at ¶ 3.

Also on November 11, the parties jointly moved to extend the close of fact discovery by one day, from November 11 to November 12. Dkt. No. 58. Although the joint motion identifies extending fact discovery to accommodate taking a 30(b)(6) deposition of Longhorn, the parties also state the extension is sought "to allow the parties to complete fact discovery in a timely and efficient manner." *Id.* at 1. The Court granted the joint motion the next day on November 12, 2021, Dkt. No. 59; therefore, fact discovery in this case closed on November 12.

On November 15, 2021, NetScout served its opening invalidity report, in accordance with the amended docket control order, *id.* at 4, and, pursuant to the parties' agreement, served amended invalidity contentions, which cited Peakflow Source Code. Dkt. No. 78 at 5. On November 22, 2021, counsel for Longhorn asked counsel for NetScout to produce the printouts for the Peakflow

2

Source Code and, in response, counsel for NetScout directed Longhorn to the email that both informed Longhorn that the source code was available for review and provided the shipping information for source code printouts that showed the printouts arrived at the office of Longhorn's counsel on November 12. Dkt. No. 78 at 3. On December 17, Longhorn deposed NetScout's technical expert, Dr. Kevin Jeffay. Dkt. No. 77 at 4; Dkt. No. 78 at 6.

## I.     Legal Standard

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information [] to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. at 37(c)(1). The Fifth Circuit applies a four-factor test to determine whether exclusion of expert testimony based on undisclosed information is an appropriate remedy: (1) the explanation, if any, for the party's failure to provide discovery; (2) the prejudice to the opposing party of allowing the expert to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the expert evidence. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The movant carries the burden on this issue. *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-cv-00134-JRG, 2017 WL 2844646, at *1 (E.D. Tex. May 19, 2017).

## II.    Analysis

Longhorn argues that NetScout failed to disclose the Arbor Peakflow DoS source code during discovery, Dkt. No. 77 at 6, and that NetScout should have produced the Peakflow Source Code when it produced source code for the Accused Products. Dkt. No. 90 at 3. According to Longhorn, NetScout's failure to timely produce the requested source code creates prejudice to Longhorn and, therefore, the portions of Dr. Jeffay's Report that rely on the Peakflow Source Code should be struck. Dkt. No. 77 at 6.

In response, NetScout argues that Longhorn ignores the agreement the parties reached about amending contentions and that, once it received Longhorn's Seconded Amended Contentions, NetScout promptly produced the source code and served amended invalidity contentions in accordance with the parties' agreement. Dkt. No. 78 at 6. NetScout further argues that simply because Longhorn accused Arbor Products does not mean it should have known to produce the Peakflow Source Code earlier in the case. Dkt. No. 95 at 2. According to NetScout, "the timing of NetScout's [Peakflow Source Code] production was the direct and fully anticipated result of Longhorn's failure to provide source code contentions and to disclose its specific infringement theories in a timely manner." *Id.* at 3.

Here, the Court finds that NetScout timely produced the Peakflow Source Code once it became relevant, and therefore, the Court will not strike the portions of Dr. Jeffay's Report that rely upon it. Although NetScout produced the Peakflow Source Code at the end of fact discovery, NetScout timely produced the source code based on the parties' agreement on amending contentions and, more importantly, based on when Longhorn provided notice of its infringement theories as to source code.

III.   **Conclusion**

NetScout timely produced the Peakflow Source Code in response to Longhorn's Second Amended Infringement Contentions. Because it was timely, the Court will not strike Dr. Jeffay's expert report. Therefore, the Court **DENIES** Longhorn's motion (Dkt. No. 77).

**SIGNED this 18th day of March, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE