**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LONGHORN HD LLC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:20-CV-00349-JRG-RSP |
| | § | |
| NETSCOUT SYSTEMS, INC., | § | |
| | § | |
| *Defendant.* | § | |

<u>**MEMORANDUM OPINION**</u>

Before the Court is the Motion to Exclude Portions of Plaintiff's Opening Expert Report Regarding Infringement that Exceed the Scope of Longhorn's P.R. 3-1 Infringement Contentions, filed by Defendant NetScout Systems, Inc. Dkt. No. 74. Defendant moves the Court to strike certain opinions of Plaintiff Longhorn HD, LLC.'s technical expert because certain opinions are allegedly outside the scope of Plaintiff's infringement contentions. *Id.* at 3.[1] The Motion is **DENIED**.

**I.       BACKGROUND**

Plaintiff filed the present suit on November 5, 2020 alleging infringement of U.S. Patent No. 7,260,846 (the "'846 Patent"). Dkt. No. 1. Plaintiff alleges the following products infringe: Arbor Edge Defense, Arbor Threat Mitigation System, Arbor Cloud, Sightline (the "Arbor Products") and NetScout Cyber Investigator (collectively, the "Accused Products). Dkt. No. 78 at 3-4.

On June 4, 2021, Defendant informed Plaintiff that source code for all of the Accused Products was available for inspection. *Id.* at 4. After reviewing the source code, Plaintiff sent

---

[1] Citations are to document numbers and citation numbers assigned through ECF.

correspondence on July 24 to Defendant stating "NetScout has produced no source [code] relating to most Longhorn's Accused Products." Dkt. No. 78-2 at 6. Defendant disputed Plaintiff's claim and informed Plaintiff where it could find the source code—on the source code computer that was made available back in June. Dkt. No. 78 at 4 (citing Dkt. No. 78-3 at 2).

On August 18, 2021, Plaintiff served its First Amended infringement Contentions, which contained no reference to source code related to the Arbor Products. *Id.* After a meet and confer, the parties agreed that Plaintiff could conduct additional source code review and then, on October 22, 2021, the parties further agreed that Plaintiff could amend its infringement contentions to include citations to Arbor Products and that Defendant could then amend its invalidity contentions. *Id.* (Dkt. No. 78-4 at 2–3). Specifically, the parties agreed that "in order to avoid burdening the court with such motion practice, we would agree not to raise any objection to the supplemental contentions if Longhorn agrees not to raise any objection to NetScout's supplementation of its invalidity contentions in view of the supplemental infringement contentions." Dkt. No. 78-4 at 2–3. On October 25, 2021, Plaintiff served is Second Amended Infringement Contentions. Dkt. No. 78 at 4.

On November 11, 2021, Defendant sent an email informing Plaintiff that source code for Arbor Peakflow DoS v.2.1 ("Peakflow Source Code") was available for inspection and mailed printouts of the Peakflow Source Code to counsel for Plaintiff pursuant to the protective order. *Id.* at 5 (Dkt. No. 78-6 (email informing Plaintiff source code was available); Dkt. No. 78-7 (shipping information for printouts)). Defendant also provided the Peakflow Source Code to its technical expert, Dr. Kevin Jeffay, on this day—November 11, 2021. Dkt. No. 78-1 ¶ 3.

Also on November 11, the parties jointly moved to extend the close of fact discovery by one day, from November 11 to November 12. Dkt. No. 58. Although the joint motion identifies

extending fact discovery to accommodate taking a 30(b)(6) deposition of Plaintiff, the parties also state the extension is sought "to allow the parties to complete fact discovery in a timely and efficient manner." *Id.* at 1. The Court granted the joint motion the next day on November 12, 2021, Dkt. No. 59; therefore, fact discovery in this case closed on November 12.

Plaintiff retained Dr. Omid Kia as its technical expert in this matter and on November 15, 2021, Plaintiff served Dr. Kia's infringement report. Dkt. No. 74 at 4. Defendant now moves to strike certain opinions of Dr. Kia.   *Id*. Defendant alleges Dr. Kia's report discloses new infringement theories of the '846 Patent. *Id*.

## II.     LEGAL STANDARD

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (internal quotation omitted) (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 U.S. Dist. LEXIS 10934, 2004 WL 1368860, *3 (N.D. Cal. June 16, 2004)). A plaintiff must "set forth specific theories of infringement at the outset of the case." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). These "contentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement, [but] they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, 2009 WL 2590101, at *5 (E.D. Tex. 2009). "Nevertheless, a party may not rely on vague, conclusory language" in its infringement contentions. *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 U.S. Dist. LEXIS 73153, 2012 WL 1903903, at *2 (E.D. Tex. 2012).

Expert infringement reports may not introduce theories not previously set forth in infringement contentions. *See Anascape, Ltd. v. Microsoft Corp.*, No. 9:060cv0158, 2008 U.S. Dist. LEXIS 111917, 2008 WL 7180756, *4 (E.D. Tex. May 1, 2008) (striking portions of expert report that exceeded scope of invalidity contentions); *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-cv-333, 2006 U.S. Dist. LEXIS 98445, 2006 WL 5153146, *1 (E.D. Tex. Mar. 27, 2006) (striking portions of expert report relying on prior art not disclosed in invalidity contentions). However, the scope of infringement contentions and expert reports are not coextensive.

Infringement contentions need not disclose "specific evidence nor do they require a plaintiff to prove its infringement case," *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 U.S. Dist. LEXIS 4973, 2010 WL 346218, *2 (E.D. Tex. Jan. 21, 2010), whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them. Fed. R. Civ. P. 26(a)(2)(B).

"Whether assessed as a late amendment to a pleading or some other discovery violation, the factors relevant to permitting the amendment or excluding the evidence are substantively identical." *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 U.S. Dist. LEXIS 79832, *4 (E.D. Tex. May 24, 2017) (citing *Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 U.S. Dist. LEXIS 63977, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017)). The Fifth Circuit applies a four-factor test to determine whether exclusion of expert testimony based on undisclosed information is an appropriate remedy: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *See Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563-564 (5th Cir. 2004)

4

(internal quotations omitted) (quoting *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)). The movant carries the burden on this issue. *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-cv-00134-JRG, 2017 WL 2844646, at *1 (E.D. Tex. May 19, 2017).

## III.    ANALYSIS

Defendant cites five instances where the scope of Dr. Kia's opinions allegedly exceeds the scope of the infringement contentions. Defendant argues that Dr. Kia opined that several previously undisclosed functionalities meet the limitations of various claim terms of the '846 Patent. *See generally* Dkt. No. 74 at 4–6. In particular, Defendant alleges that Plaintiff failed to sufficiently disclose that multi-vector attack detection and alert, blacklisting functions, traffic baselining, flow table, and NetFlow functionalities for specific accused products allegedly meet certain limitations of the accused claims.

For the purposes of the Motion, the Court need not delve into whether Plaintiff's second amended infringement contentions are sufficient to comply with P.R. 3-1 or the Discovery Order (Dkt. No. 26). Rather the Court will assume *arguendo* that Plaintiff failed to adequately disclose its infringement theories as well as the supporting source code it intended to rely upon. The question thus becomes whether Plaintiff's failure to make the requisite disclosures was harmless under the *Primrose* factors.

The Court finds that the *Primrose* factors weigh in favor of allowing Dr. Kia's opinions. The testimony that Defendant seeks to exclude is significantly important to Plaintiff's case. Dkt. No. 84 at 18. Indeed, it is the very core of Plaintiff's case. Defendant does not rebut this contention in its briefing.

As to prejudice, Defendant does not articulate any appreciable evidence of significant prejudice. Although Defendant continually states "permitting Dr. Kia to present infringement

theories that were not disclosed to NetScout in the proper time pursuant to the Court's Order would be highly prejudicial to NetScout," the argument is not persuasive. *See e.g.* Dkt. No. 74 at 9, 10, 13. Although the Court appreciates the parties' cooperative spirit, agreeing to amendment of the infringement contentions less than three weeks before the close of fact discovery severely undercuts any claim of prejudice that Defendant may have. The Local Rules and Discovery Orders "are intended to streamline discovery. Properly disclosed infringement contentions will frame the scope of discovery, focus the parties on the issues, and allow the case to take a clear path to trial." *Plant Equip., Inc. v. Intrado, Inc.*, No. 2:09-CV-395-JRG, 2012 U.S. Dist. LEXIS 193520, *5 (E.D. Tex. Jan. 31, 2012) (internal citations omitted); *see also Computer Acceleration*, 503 F. Supp. 2d at 822. The role of infringement contentions is to frame the scope of discovery and focus the issues; by end of fact discovery, the infringement theories have solidified. Both parties should know what to expect. This is exemplified in Defendant's November 5, 2022 30(b)(6) testimony.

Each of the "undisclosed" theories was addressed by the 30(b)(6) witness and discussed in Defendant's invalidity expert report (which was served contemporaneously with Dr. Kia's infringement report), which confirms that Defendant was adequately put on notice with respect to Plaintiff's theories of infringement as they were disclosed in Plaintiff's infringement contentions. *See* Dkt. No. 84-11 at 6–9, 16–17, 22–23, 25–26; *accord* Dkt. No. 84-12 at ¶¶ 37, 39, 43, 52–58, 78, 119. For example, in the same sentence that Defendant states it was unaware of one of Plaintiff's theories, Defendant then states its expert considered other "undisclosed theories" because "LHD asked Dr. Dawson questions about [the other allegedly undisclosed theories] during his deposition." Dkt. No. 93 at 7. To the extent, there is any prejudice due to a gap between Defendant's understanding of the scope of Plaintiff's theories and notice through Defendant's 30(b)(6) deposition, the Court finds that prejudice minimal. The Court finds that Plaintiff discussed

each undisclosed theory during the 30(b)(6) deposition and significantly mitigated any prejudice to Defendant about the new theories.  Neither party has suggested that a continuance is warranted.

Weighing the importance of the evidence and lack of prejudice to Defendant against Plaintiff's unsatisfactory explanation for any deficienty, the Court finds that exclusion of Dr. Kia's infringement theories is not warranted in this case.

## IV.    CONCLUSION

Accordingly, the Motion is **DENIED**.

**SIGNED this 27th day of March, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE