IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGHORN HD LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:20-CV-00349-JRG-RSP |
| § | |
| NETSCOUT SYSTEMS, INC., § | |
| § | |
| *Defendant*. § | |

## **REPORT AND RECOMMENDATION**

Before the Court is the Motion for Partial Summary Judgment of No Invalidity Based on Arbor Peakflow DoS System filed by Plaintiff Longhorn HD LLC. Dkt. No. 75. Having considered the briefing, the motion should be **DENIED**.

**I.    Background**

Longhorn filed the present suit on November 5, 2020 alleging infringement of U.S. Patent No. 7,260,846 (the "'846 Patent"). On November 15, 2021, Defendant NetScout Systems, Inc. served its invalidity expert report and the related invalidity contentions. Dkt. No. 75 at 1. In the report and contentions, NetScout asserts that the Arbor Peakflow DoS System ("Peakflow System") is prior art to the '846 Patent and anticipates or renders obvious all of the asserted claims. *Id.*

**II.    Legal Standard**

Summary judgment should be granted if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "material fact" is one that "might affect the outcome" of the case, and a dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict

1

for the nonmoving party." *Anderson*, 477 U.S. at 248. Any evidence must be viewed in the light most favorable to the nonmovant. *See id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). "Summary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990).

### III.     Analysis

In its motion, Longhorn argues that the record contains no admissible evidence that (1) the Peakflow System meets each and every limitation of the asserted claims of the '846 Patent; (2) that the Peakflow System existed prior to July 30, 2002, the priority date of the '846 Patent; and (3) that anyone other than Mr. Christopher Day is the inventor of the '846 Patent. Thus, because there is no admissible evidence, Longhorn argues that there can be no genuine dispute regarding whether the Peakflow System invalidates the asserted claims and the Court should grant summary judgment of no invalidity based on the Peakflow System. Dkt. No. 75 at 1, 6. The Court finds that Longhorn's arguments are unpersuasive and that there is a genuine dispute as to whether the Peakflow System anticipates or renders obvious the asserted claims.

#### a.     Evidence to Support Anticipation or Obviousness

Longhorn argues that NetScout's expert applies an improper analysis because the expert applies a "conditional" approach to proving invalidity. Dkt. No. 75 at 6. Specifically, Longhorn argues that NetScout fails to produce admissible evidence to show the Peakflow System anticipates the "self-organizing clustering module" limitation of Claims 1-6; the "using at least one self-organizing clustering method" of Claim 12; and the "at least one multi-variate analysis" limitation of Claims 7-11. *Id.* Additionally, Longhorn argues that the expert has not identified other references that, when combined with the Peakflow System, render the asserted claims obvious. *Id.* at 8. Because of these deficiencies in the expert's opinions, Longhorn argues that NetScout fails to provide admissible evidence to create a genuine dispute.

In response, NetScout argues that Longhorn mischaracterizes the nature of the expert's analysis and that the expert simply applied the general rule that claims must be construed the same for both invalidity and infringement. Dkt. No. 80 at 1-3. Thus, NetScout's argument is that its expert's opinions are "based on Longhorn's own overbroad application of the claims" to the self-organizing and multi-variate limitations and therefore are "appropriate and permissible." *Id.* at 3.

The Court finds that there is a genuine dispute of material fact as to both anticipation and obviousness. In response to Longhorn's "conditional" argument, NetScout argues that its expert's invalidity analysis has been "expressly endorsed by the Federal Circuit." *Id.* (citing *01 Communique Lab., Inc. v. Citrix Sys., Inc.* 889 F.3d 735, 742-43 (Fed. Cir. 2018)). In *Communique*, the defendant at trial argued that if the plaintiff attempted to expand the scope of its claims to cover systems that work in a certain way, "then the claims would be invalid in light of the prior art." *Id.* at 741-42. The Federal Circuit stated, "This argument did not rest on an improper 'practicing the prior art' defense, but instead correctly recognized that claim terms must be 'construed the same way for both invalidity and infringement.'" *Id.* at 743 (quoting *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003)). Thus, a party is not precluded "from arguing that if a claim term must be broadly interpreted to read on an accused device, then this same broad construction will read on the prior art." *Id.* at 742.

Here, the invalidity opinions offered by NetScout's expert are arguably based on the claim scope as outlined in Longhorn's infringement contentions. *E.g.* Dkt. No. 75-4 at ¶ 23 ("if Plaintiff or its expert offers such an interpretation of these limitations and that interpretation is found to hold, it is my opinion that the Arbor Peakflow DoS satisfies this claim limitation under Plaintiff's interpretation."). Therefore, the invalidity analysis to which Longhorn objects is an acceptable

3

invalidity analysis under *Communique*.[1] Turning to the specific claim limitations Longhorn identifies in its motion, the Court finds the expert provided opinions as to how the Peakflow System anticipates these limitations. Dkt. No. 75-4 at ¶¶ 48-56, ¶¶ 144-45, ¶¶ 103-12.

Although the expert stated at his deposition "in the absolute" the Peakflow System does not anticipate these limitations, this does not contradict the expert's opinions because he also stated at his deposition that these limitations are present in the Peakflow System under Longhorn's "broad interpretation of the claims . . . ." *See* Dkt. No. 80 at 2 (citing Dkt. No. 80-1 at 68:11-12) (emphasis omitted). Under *Communique*, NetScout's expert can take these positions: he can both opine (1) that certain features are not within the scope of the claims "in the absolute" but (2) if the claims are interpreted broadly for the purposes of infringement, those features are within the scope of the claims for invalidity. Because Longhorn offers no other conflicting evidence[2] and does not argue any other limitations, the Court finds that there is a genuine dispute as to whether the Peakflow System anticipates the asserted claims.

For obviousness, "a single prior art reference can render a claim obvious." *SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*, 225 F.3d 1349, 1356 (Fed. Cir. 2000) (internal citations omitted). Thus, NetScout's expert does not have to disclose multiple references for the asserted claims to be rendered obvious. Although Longhorn is correct that NetScout's expert does not provide opinions as to why the self-organizing and multi-variate analysis limitations are obvious, the Court finds that NetScout's expert provides opinions as to why other limitations are obvious and Longhorn does not offer argument as to those opinions. Thus, the Court

---

[1] Although *Communique* allows this invalidity argument, the Federal Circuit made sure to distinguish this argument from the "practicing the prior art" defense to infringement. *Communique*, 889 F.3d at 742. The Federal Circuit emphasized this distinction because it was concerned defendants would "skirt evidentiary hurdles and conflate the infringement and invalidity inquiries." *Id.* Therefore, the Court cautions NetScout to avoid blurring the line between invalidity and infringement when arguing and eliciting evidence about the Peakflow System.

[2] In its reply, Longhorn makes a series of arguments as to why the Peakflow System is not prior art. Dkt. No. 88 at 1. The Court finds that these arguments fail to show the absence of a genuine dispute.

finds there is also a genuine dispute as to whether the asserted claims are rendered obvious by the Peakflow System.

### b. Evidence to Show the Peakflow System Existed Prior to July 30, 2002

Longhorn argues that, because of an alleged discovery violation, NetScout's expert cannot rely on the Peakflow System source code and therefore, there is no evidence that the Peakflow System is prior art. *See* Dkt. No. 75 8-9. Whether the expert could rely on the source code was addressed in the Court's Order denying Longhorn's related motion to strike. Dkt. No. 121. Because the motion was denied, NetScout's expert may rely upon the Peakflow System source code and there is evidence that the Peakflow System existed prior to July 30, 2002.

### c. Evidence to Support NetScout's 102(g) Argument

Longhorn argues that NetScout's expert did not identify a human inventor by name and, therefore, NetScout failed to meet a requirement of 35 U.S.C. § 102(g). Dkt. No. 75 at 9. For § 102(g), an accused infringer can prove it was the first inventor in law in two ways: "(1) it reduced its invention to practice first . . . or (2) it was the first party to conceive of the invention and then exercised reasonable diligence in reducing that invention to practice." *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1304 (Fed.Cir.2012) (quoting *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 243 F.3d 1316, 1332 (Fed. Cir. 2001)). "The test for establishing reduction to practice requires that 'the prior inventor must have (1) constructed an embodiment . . . that met all the claim limitations and (2) determined that the invention would work for its intended purpose.'" *Fox Grp.*, 700 F.3d at 1305 (quoting *Teva Pharm. Indus. Ltd. v. AstraZeneca Pharms. LP & IPR Pharms., Inc.,* 661 F.3d 1378, 1383 (Fed.Cir.2011)).

Here, NetScout is arguing that the Peakflow System was reduced to practice before the priority date of the '846 Patent, not that Arbor Networks conceived of the invention before the priority date. Dkt. No. 96 at 4. Because reduction to practice only requires that the prior inventor

create an embodiment that works for its intended purpose, NetScout's expert does not need to identify a person by name. As the only argument Longhorn offers as to why § 102(g) does not apply is unpersuasive, the Court finds there is a genuine dispute under § 102(g).

## IV.   Conclusion

The Court finds all three of Longhorn's arguments unpersuasive. Thus, the Court finds that there is a genuine dispute as to whether the Peakflow System anticipates or renders obvious the asserted claims. Therefore, the Court recommends that this motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 30th day of March, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE