IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LONGHORN HD LLC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:20-CV-00349-JRG-RSP |
| | § | |
| NETSCOUT SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION

Before the Court is the Motion to Strike Expert Reports of Dr. Kevin Jaffay and Dr. Nisha Mody Regarding Non-Infringing Alternatives filed by Plaintiff Longhorn HD LLC. Dkt. No. 76. Plaintiff moves the Court to exclude Defendant NetScout Systems, Inc.'s expert opinions regarding whether NetScout's Omnis IDS/Suricata Product can be considered a non-infringing alternative. *Id*. at 4.[1] The Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff filed the present suit on November 5, 2020 alleging infringement of U.S. Patent No. 7,260,846 (the "'846 Patent"). Dkt. No. 1. Plaintiff alleged that a number of Defendant's products infringe including the Omnis IDS product which was built using the Suricata platform ("Omnis IDS/Suricata Product"). *Id*. at 6; Dkt. No. 76-2 at 4.

During the course of the litigation, Plaintiff served its First Set of Interrogatories, which included Interrogatory No. 7. Dkt. No. 76-2 at 13. Defendant served its final response to Interrogatory No. 7 on November 2, 2021. Dkt. No. 76-3 at 20–21. Interrogatory No. 7 and Defendant's final response are reproduced below:

---

[1] Citations are to document numbers and page numbers assigned through ECF.

**INTERROGATORY NO. 7**

For each Asserted Patent, Identify and describe in detail each allegedly design-around and/or non-infringing alternative that you contend can be used as an alternative to each Asserted Patent including, but not limited to: (i) a description of each alleged design-around and/or noninfringing alternative; (ii) a description of when and how each alleged design-around and/or noninfringing alternative was developed (if applicable); (iii) the identity of individuals involved in developing each alleged design-around and/or non-infringing alternative (if applicable), including their titles and departments if they are current or former employees of Defendant; (iv) dates when each alleged design-around and/or non-infringing alternative was incorporated in your products (if applicable); (v) costs associated with developing and implementing each design-around and/or alleged non-infringing alternative; and (vi) steps and the time required to develop and implement each alleged design-around and/or non-infringing alternative.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant specifically incorporates the General Objections and Specific Objections to Definitions. Defendant objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege or any other applicable privilege or immunity. Defendant also objects to the phrase "non-infringing alternatives," as there has not yet been a finding that any Accused Products infringe.

Subject to and without waiving the foregoing objections, Defendant states that it has not made any attempts to design around the Asserted Patents and continues to sell the Accused Products in the United States because it does not infringe the Asserted Patents.

*Id*.

During the course of the litigation, the Omnis IDS/Suricata Product was considered an Accused Product. *See id*. at 12-19. Defendant provided discovery on the Omnis IDS/Suricata Product. *See e.g.* Dkt. No. 79-6; Dkt. No. 79-12. Defendant also produced source code for the Omnis IDS/Suricata Product. *See* Dkt. No. 79-1 ¶ 6. On November 15, 2021, however, Plaintiff served its technical expert's infringement report without any opinions directed to the Omnis IDS/Suricata Product. Dkt. No. 76 at 6 ("After discovery, LHD was able to locate zero sales of [the Omnis IDS/Suricata Product] in the United States, and it was not included in LHD's opening expert reports."). Defendant's subsequent rebuttal expert reports included opinions asserting that

2

the Omnis IDS/Suricata Product is a non-infringing alternative for the Accused Products. Dkt. No. 76-4 ¶¶ 95-103; Dkt. No. 76-5 ¶¶ 117-118.

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure Disclosure Obligations

A party "who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect, the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). If a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

A court considers four factors in determining whether a Rule 26 violation is harmless: (1) the party's explanation, if any, for its failure to disclose the information in a timely manner; (2) the prejudice to the opposing party if the evidence is admitted; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence. *See Texas A & M Research Found. v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Courts have broad discretion in determining whether to admit expert submissions under Rule 37(c). *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004).

The Federal Rules contemplate that contention interrogatories need not necessarily be answered early in a case. *See* Fed. R. Civ. Proc. 33(a)(2); see also Rule 33 advisory committee's note (1970 amendment, subdivision (b)) ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer"). In

responding to interrogatories, a party is "not required [] to disclose its experts' opinions in advance of the deadline for serving expert reports." *See Beneficial Innovations, Inc. v. AOL LLC*, Case No. 2:07-cv-555, Dkt. No. 260 at 1 (E.D. Tex. May 26, 2010) (Dkt. No. 256); *see also IP Innovation L.L.C. v. Sharp Corp.*, 219 F.R.D. 427, 430 (N.D. Ill. 2003) ("Plaintiffs' request for an invalidity analysis before Sharp is required to produce its expert report is denied as premature"); *Duncan v. Chevron U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 63707 at *10-11 (E.D. La. June 15, 2011) (discovery seeking disclosure of expert opinions and bases for such opinions was premature in light of expert disclosure deadline imposed by the Court).

### B. *Daubert* Standard

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated

by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## III.   ANALYSIS

Plaintiff argues Defendant's non-infringing alternative opinions should be stricken because (1) the Omnis IDS/Suricata Product was not properly disclosed as a non-infringing alternative

during discovery and (2) Dr. Jeffay[2] uses an unreliable method to determine the Omnis IDS/Suricata Product is non-infringing.

### A.     Disclosure of the Omnis IDS/Suricata Product

Plaintiff argues that because Defendant's response to Interrogatory No. 7 was insufficient Defendant's Omnis IDS/Suricata Product expert opinions should be excluded as a discovery sanction. Dkt. No. 76 at 8. Plaintiff argues Defendant "failed to disclose that it intended to rely on [the Omnis IDS/Suricata Product] as a non-infringing alternative during discovery" and should be precluded from relying on this "newly" identified non-infringing alternative. *Id*. at 7–8. In other words, Plaintiff believes Defendant's response to Interrogatory No. 7 was insufficient to properly disclose Defendant's position that the Omnis IDS/Suricata Product was a non-infringing alternative.

Defendant responds that "Longhorn has been aware since the initial stages of discovery that NetScout contends the Omnis IDS/Suricata IDS is a non-infringing alternative." Dkt. No. 79 at 6. Defendant states that it "responded to Longhorn's non-infringing alternative interrogatory and clearly articulated that it believed each of the 'Accused Products,' including the Omnis/Suricata IDS, were non-infringing alternatives." *Id*.

Defendant's response to Interrogatory No. 7 was sufficient for Plaintiff to understand that Defendant considered the Omnis IDS/Suricata Product non-infringing. At the time Defendant responded to Interrogatory No. 7 the Omnis IDS Product/Suricata was still considered an 'Accused Product" and Defendant responded that it "continues to sell the Accused Products in the United States because it does not infringe the Asserted Patents." Dkt. No. 76-3 at 20–21. There is no discovery violation that has occurred. Defendant stated that it considered the Omnis IDS/Suricata

---

[2] Plaintiff also argues that Dr. Mody's opinions are unreliable as well as because her opinions suffer the same unreliable methodology and are based on Dr. Jeffay's unreliable opinions.

Product to be non-infringing and that has never changed. Defendant has provided Plaintiff with discovery on the Omnis IDS/Suricata Product (e.g. manuals, witnesses knowledgeable about the Omnis Product, and source code of the Omnis Product) and answered that the Omnis IDS/Suricata Product was non-infringing. Dkt. No. 76-3 at 20–21; Dkt. No. 79-6; Dkt. No. 79-12; Dkt. No. 79-1 ¶ 6. Of course, saying a product is non-infringing does not give notice that it is an alternative to the accused products.  However, it is only by Plaintiff's decision to remove the Omnis IDS/Suricata Product from the case, after opening reports were due, that Defendant was free to consider the Omnis IDS/Suricata Product as a non-infringing alternative. Had Plaintiff decided to abandon the Omnis IDS/Suricata Product earlier perhaps it would have more solid footing to object, but that is not the case here.

### B. Dr. Jeffay's Method of Determining the Omnis IDS/Suricata Product is Non-Infringing

Plaintiff contends that Dr. Jeffay's non-infringement opinion for the Omnis IDS/Suricata Product is based solely on Plaintiff's decision to abandon the Omnis IDS/Suricata Product infringement claims. Dkt. No. 76 at 9 ("Because there has been no technical analysis that the Omnis IDS/Suricata product is not infringing, NetScout has failed to meet the *Daubert* standards and its expert opinion regarding this product should be stricken as unreliable."). Plaintiff asserts that if Plaintiff's decision to remove the Omnis IDS/Suricata Product from the case is the only basis for Dr. Jeffay's non-infringing alternative opinion than his opinion must be excluded.

Defendant states "[i]t is Longhorn's burden to prove there are no next best non-infringing alternatives that could affect a royalty determination." Dkt. No. 79 at 8–9 (citing *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP, 2018 WL 2033709, at *3 (E.D. Tex. Mar. 28, 2018)). Defendant also cites a number of other district court cases that it purports support its proposition

that the Plaintiff bears the burden of proof on the "availability" of non-infringing alternatives. Dkt. No. 79 at 9 (citing *Ameritox, Ltd. v. Millenium Health LLC*, No. 1:13-cv-832-WMC, 2015 WL 1520821, at *14 (W.D. Wis. Apr. 3, 2015); *Apple, Inc. v. Samsung Elecs. Co.*, No. 5:11-cv-01846-LHK, 2013 WL 5958178, at *3 (N.D. Cal. Nov. 7, 2013)).

The Court functions as a gatekeeper, thus any party that seeks to admit an expert opinion must meet the *Daubert* standard. See *Valencia*, 600 F.3d at 424 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93. A reliable opinion on whether a product is or is not a non-infringing alternative is incomplete without opining whether the product is both "available" and "acceptable" (or whether there are not any "available" or "acceptable" alternatives) Defendant has not shown that its expert opinions are reliable.

Dr. Jeffay does not discuss how and why he concluded that the Omnis IDS/Suricata Product is a non-infringing alternative, other than the fact that it is no longer accused of infringement in this action. *See* Dkt. No. 76-4 ¶¶ 277–78, 291–95 (report of Dr. Jeffay); Dkt. No. 76-5 ¶¶ 95–103, 117–18 (report of Dr. Mody). Dr. Jeffay gives no explanation as to what limitations of the patent-in-suit are not met by the Omnis IDS/Suricata Product, or otherwise explain his non-infringement position with respect to the Omnis IDS/Suricata Product. Dr. Jeffay merely gives a high-level overview of the Omnis IDS/Suricata Product and why it may be "acceptable," but not whether it is non-infringing or "available." *See* Dkt. No. 76-4 ¶¶ 277–78, 291. The fact that a product may be unaccused, by itself, is inadequate to provide sufficient evidence to a draw a conclusion that a particular product is non-infringing. Without a reliable showing that the Omnis IDS/Suricata Product is "available" the Court must exclude Dr. Jeffay's offered opinion that the Omnis IDS/Suricata Product is a non-infringing alternative. Similarly, the

Court must exclude Dr. Mody's opinions, which are predicated on Dr. Jeffay's unreliable non-infringing alternative opinion.

### IV.     CONCLUSION

Accordingly, the Motion is **GRANTED**. The Court **ORDERS** that neither Dr. Jeffay nor Dr. Mody shall be permitted to offer the opinion that the Omnis IDS/Suricata Product is a non-infringing alternative.

**SIGNED this 31st day of March, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE